Casey, &c., vs. Lucas.

CASE 10—PETITION EQUITY—JUNE 14.

# Casey, &c., vs. Lucas.

APPEAL FROM M'LEAN CIRCUIT COURT.

1. The conveyance, as made and accepted, purported to be the act of the agent, and not necessarily that of his constituents, whose legal title it does not therefore pass to the vendee; yet such conveyance is a part of the contract, and must bind the constituents as much as their bond for a title.
2. The purchaser having, without eviction or disturbance, or even any alleged danger of either, enjoyed the possession and use of the land ever since he bought, cannot be entitled to a rescission without an effort to procure the title, or without showing that a good title cannot be made.

T. N. LINDSEY,                                    For Appellants.

SWEENEY & TANNER,                                 For Appellee.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

George W. Lewis and Dangerfield Lewis, claiming a tract of land of about one thousand acres, once probably in Muhlenburg but now in McLean county, gave to the appellant, John Casey, in the year 1854, a power of attorney to take possession of and to sell and convey their land in "Muhlenburg county." On the 6th of October, 1859, Casey sold the land to the appellee, Henry Lucas, took his two notes, payable to himself as agent, for five hundred and seventy-five dollars each, and simultaneously conveyed to him the title of his constituents, which conveyance Lucas accepted and had recorded, as proved by a recital in the notes themselves, and also by the testimony of a witness who wrote the notes and conveyance.

Casey, &c., vs. Lucas.

On the 15th of February, 1862, Casey filed in the McLean circuit court two petitions for recovering judgments on the said notes, and enforcing satisfaction by a sale of the land.

Lucas, in his answer, denied that he had ever accepted the conveyance, or that G. W. and D. Lewis had a good title; alleged that there was no written memorial of the sale, and, making his answer a cross-petition against the said G. W. and D. Lewis, prayed for a rescission of the contract and a restitution of seventy dollars, which he had prepaid when his notes were executed for the residue of the consideration.

A warning order having been entered against the absent defendants, and A. Dyer appointed their corresponding attorney, he, at a subsequent term, filed and verified an answer in their names confirming the contract and conveyance; but the record does not satisfactorily show that they were privy to the answer or are bound by it. Casey replied to the cross-petition, controverting its material allegations, and insisting that Lucas had accepted the conveyance; and there is no proof of those allegations either against Casey's reply or the legal traverse by the non-residents.

The circuit court, supposing, as we presume, either that the power to sell land in *Muhlenburg* did not authorize the sale, as made, of land now in *McLean*, or that a sufficient conveyance had never been accepted, or that a good title could never be made, adjudged a rescission of the contract and a repayment of the seventy dollars which had been advanced.

But neither of these grounds, nor any other appearing in the record, can sustain the rescission as adjudged.

The appellee has not, either in his pleadings or otherwise, intimated that *Muhlenburg* never included the land before *McLean* was established, or that *G. W. and D.*

Lewis own land in Muhlenburg as now defined, or any other land in that section of the State than the land sold to him under the power of attorney. It is intrinsically probable, therefore, that the power embraced the land sold, and especially as the conveyance was accepted without any question as to that fact.

The conveyance, as made and accepted, purported to be the act of the agent, and not necessarily that of his constituents, whose legal title it does not, therefore, pass to the vendee. Yet it is proof of the contract, and must bind the constituents as much as their bond for a title. And the appellee having, without eviction or disturbance, or even any alleged danger of either, enjoyed the possession and use of the land ever since he bought it, cannot be entitled to a rescission without an effort to procure the title, or without showing that a good one cannot be made. He has attempted neither, but seems to prefer a rescission to a conveyance of a perfect title. Not only does his acceptance of the agent's conveyance imply satisfaction with the title, but he neither makes any specific objection to the title, nor requires an exhibition of documentary evidence, nor invites investigation or any sort of litigation concerning title.

In this state of case, the appellee asks a rescission with an unbecoming grace, and ought not, in his present attitude, to receive the extraordinary aid of a court of equity. As the case stands, all he can now conscientiously demand is a binding conveyance by *G. W. and D. Lewis* of the legal title, which we might presume that he may get if he will only try.

But further preparation may alter the phase of the case as now presented by the record.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings.